# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50342 | **DATE** | 12/23/2003 |
| **CASE TITLE** | Johnson, et al vs. HH3 Trucking, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■  [Other docket entry]  For the reasons stated on the attached Memorandum Opinion and Order, Plaintiffs' Motion to Begin Notice is granted in part and denied in part.  All notice to consent forms are to be sent to the Clerk of the Court and not to Plaintiffs' counsel.

(11) ■  [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | DEC 23 2003 |
| | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | docketing deputy initials |
| | | 12/23/2003 |
| sp | courtroom deputy's initials | date mailed notice |

Document Number

13

03 DEC 23 AM II: II

FILED-WB

CLERK
U.S. DISTRICT COURT

Date/time received in
central Clerk's Office

sp
mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

ARTHUR JOHNSON, MARK FREEMAN, )
CLARENCE BUSKOHL, DENNIS TENNER )
and KEITH CANDLAY, on behalf of himself )
and all other Plaintiffs similarly situated )
known and unknown, )
                 )
        Plaintiffs, )
                 )
        v. )    Case No. 03 C 50342
                 )
HH3 TRUCKING, INC., GRETHCEN )    Philip G. Reinhard
HUDSON, indv. and WILLIAM HUDSON, )    P. Michael Mahoney
indv., )
                 )
        Defendants. )

## Memorandum Opinion and Order

This matter comes before this court on Plaintiffs' Motion to Begin Notice to Members of the Plaintiff Class ("Plaintiffs' Motion to Begin Notice"), filed on November 6, 2003. Defendants filed Defendants' Response in Opposition to Motion to Begin Notice to Members of the Plaintiff Class ("Defendants' Response") on December 3, 2003. On December 10, 2003, Plaintiffs filed their Reply to Defendants' Response in Opposition to Motion to Begin Notice to Members of the Plaintiff Class ("Plaintiffs' Reply"). The motion now being fully briefed, this court is ready to rule. For the following reasons, Plaintiffs' Motion to Begin Notice is granted in part and denied in part.

## Background

Plaintiffs filed their four count complaint on September 2, 2003, alleging that Defendants violated provisions of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, the Illinois Wage Payment and Collection Act, 820 ILCS 105 et seq, and the Portal-to-Portal Act, 29 U.S.C. § 251 et seq. The action to recover unpaid wages, punitive damages and liquidated damages

is based on Defendants' alleged failure to pay overtime wages for hours worked in excess of forty hours a week. (Compl. at ¶16).

On November 6, 2003, Plaintiffs filed their Motion to Begin Notice, which contained their proposed notice as Exhibit A. Plaintiffs appear to have filed their notice pursuant to § 16(b) of the FLSA, as amended by 29 U.S.C. § 216(b). In their Motion to Begin Notice, Plaintiffs seek an order from this court approving, among other things, the notice attached to the motion.

On December 3, 2003, Defendants filed Defendants' Response alleging that Plaintiffs' notice contains four defects which include the following: (1) that the class members are not similarly situated[1]; (2) that the notice fails to fully inform the proposed class that if not successful, they may be liable for court costs and expenses; (3) that the notice requires that the proposed class send the notice to Plaintiffs' counsel, rather than the Clerk of the Court; and (4) the notice includes the case caption.

On December 10, 2003, Plaintiffs filed Plaintiffs' Reply which eliminated one point of contention between the parties. Namely, Plaintiffs agreed to limit their notice to only those employees who do not own and operate their own trucks. (Pls' Reply at 1). As such, this court need only decide the three objections presented by Defendants to Plaintiffs' notice.

## Discussion

A. *Court Costs and Expenses*

Defendants first argue that Plaintiffs' notice is defective because it fails to include language

---

[1] Defendants argued that at HH3 there are two classes of truck drivers. One class, similar to the Plaintiffs, operated trucks owned by HH3. The other class consisted of individuals who owned and operated their own trucks when they performed services for HH3. Defendants do not object to the notice to the extent Plaintiffs' counsel agrees to limit the notice to only those employees who operated trucks owned by HH3. (Defs' Resp. at 2-3).

2

that notifies the potential class members that if not successful, they may be liable for court costs and expenses. (Defs' Resp. at 3). Defendants cite *Garcia v. Elite Labor Service, Ltd.*, No. 95 C. 2341, 1996 U.S. Dist. LEXIS 9824, at *12 (N.D. Ill. July 11, 1996) as support for their argument. Specifically, in *Garcia*, the court ordered the inclusion of language which alerted potential class members that "if you do not prevail on your claim, court costs and expenses may possibly be assessed against you." *Id.* Judge Guzman, in *Garcia*, ordered the inclusion of this language because he found that the original notice "contain[ed] misleading information because it promise[d] the potential recipients too much in that it: assure[d] them they will not have to pay any costs or fees; ... ." *Id.* at 11. As such, to cure this defect, Judge Guzman ordered the inclusion of language as stated above.

However, in the very next section of his opinion, Judge Guzman went on to state that potential recipients do not need to be informed of the potential duties and costs that may arise as part of the class action. In fact, Judge Guzman went on to find that the inclusion of such language "could be found to be intimidating to the potential members of the class ... ." *Id.* at 13; *see also Jackson v. Go-Tane Servs. Inc.*, No. 99 C 5686, 2000 WL 1221642, at *4 (N.D. Ill. Aug. 21, 2000)(finding that the inclusion of language warning potential class members that they could be assessed costs is unnecessary); *King v. IIT Continental Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *4 (N.D. Ill. Feb. 18, 1986)(finding that the inclusion of language warning potential class members that they could be assessed costs would "unreasonably chill participation in this action ... ."). This court agrees with Judge Guzman that the inclusion of language warning potential class members that they could be assessed costs could be found to be intimidating and therefore orders that the language is not necessary.

B. *Plaintiffs' Counsel vs. Clerk of the Court*

Defendants next argue that Plaintiffs' notice is defective because it requires that the proposed class send the notice to consent, attached to the notice, to Plaintiffs' counsel, rather than the Clerk of the Court. (Defs' Resp. at 3). This court agrees with Defendants. Based on this court's research, it is clear that in these types of cases the consent forms should be sent to the Clerk of the Court and not to Plaintiffs' counsel. *See Burns v. Village of Wauconda*, No. 99 C. 0800, 1999 WL 529574, at *3 (N.D. Ill. July 15, 1999)(finding defective the proposed notice which "asks for responses to be sent to plaintiffs' counsel and not the Court, as the Court has found in the past to be more appropriate."); *Garcia*, 1996 U.S. Dist. LEXIS 9824, at *15-16 (finding it is "appropriate to have the consent forms sent to the Clerk of the Court, rather than counsel for [plaintiff]."). The reasoning behind such a finding, as indicated in the cases cited above, is that sending the consent forms to the Clerk of the Court will avoid controversy over filing dates. *Garcia*, 1996 U.S. Dist. LEXIS, at *16. Therefore, this court orders that the notice to consent forms be sent to the Clerk of the Court and not to Plaintiffs' counsel.

C. *Case Caption*

Defendants lastly argue that Plaintiffs' notice, and notice to consent, is defective because it uses a case caption in the notice form. (Defs' Resp. at 3). By utilizing the case caption format, the Defendants argue that "the notice implies an apparent sponsorship of the notice by the Court." (*Id.* at 3-4)(citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982). The circumstances in *Woods* differ from this case. Specifically, in *Woods*, the court, and not plaintiff or plaintiff's counsel, mailed notice of the suit to prospective members, and in doing so, the notice was sent on letterhead of the district court and signed by the clerk of the court. 686 F.2d at 579. In

4

finding the notice defective, the Seventh Circuit stated that "we think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of the court or other judicial officer." *Id.* at 581. In this case, Plaintiffs' counsel, and not the court is sending out the notices and the use of district court letterhead is noticeably absent.

This court acknowledges Defendants' concern that the use of the case caption may be misunderstood as a representation that the suit has merit, but this court finds Plaintiff's counsel's inclusion at the end of the notice that the court has not expressed any opinion on the merits of the case to be adequate. Additionally, this court finds it amusing that Defendants argue that the consent forms be sent to the Clerk of the Court and then argue that the caption be removed from the consent forms. How is the Clerk to know what case the consent forms belong in? Defendants provided no suggestion as to how they presume the Clerk of the Court was going to handle these uncaptioned notices and this court can suggest none. Thus, this court finds the case caption on the notices and the notice to consent appropriate.

## Conclusion

For the above stated reasons, Plaintiffs' Motion to Begin Notice is granted in part and denied in part. All notice to consent forms are to be sent to the Clerk of the Court and not to Plaintiffs' counsel.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/23/03

5