Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50342 | **DATE** | 2/22/2005 |
| **CASE TITLE** | Johnson vs. HH3 Trucking, et al | | |

**DOCKET ENTRY TEXT:**

For the reasons stated on the attached Memorandum Opinion and Order, the court grants Plaintiffs' 1/10/05 and 1/19/05 Motions to Add New Plaintiffs, Tim Oliver, Scott Kaiser, and Terrell Brown. Plaintiffs are given until 3/1/05 to amend pleadings in accordance with the Memorandum Opinion and Order.

■ [ For further details see attached.]  ■ [ Notices mailed by judge's staff.]

| | Courtroom Deputy Initials: | AM |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ARTHUR JOHNSON, MARK FREEMAN, )
CLARENCE BUSKOHL, DENNIS TENNER, )
and KEITH CANDLAY, on behalf of themselves )
and all other Plaintiffs similarly situated known )
and unknown, )
)
        Plaintiffs, )
)
v. ) Case No. 03-C-50342
) Magistrate Judge
HH3 TRUCKING, INC., a corporation, ) P. Michael Mahoney
GRETCHEN HUDSON, individually and )
WILLIAM HUDSON, individually, )
)
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiffs' January 1, 2005, and January 19, 2005, Motions to add three new Plaintiffs to their action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq*. Pursuant to 29 U.S.C. §216(b), Plaintiffs' action was filed on behalf of themselves and all other Plaintiffs similarly situated. Counsel for Plaintiffs sent Notices and Consents to all members of the Plaintiff Class, but three members, who would now like to join the lawsuit, failed to submit their consents to the Clerk of the Court by the required date given in the notices. For the following reasons, Plaintiffs' Motion to Add Plaintiffs is granted.

I.    Discussion

Potential Plaintiffs, Terrell Brown and Scott Kaiser, did file Consents with the Clerk of the Court, but did so late. Terrell Brown submitted his Consent on or about May 12, 2004, and

1

Scott Kaiser returned his on or about August 11, 2004. Though the consents were docketed, notices were not mailed and counsel for Plaintiffs was unaware that the Consents were received after the deadline.

Potential Plaintiff, Tim Oliver, did not send in a Notice of Consent, but his Consent is attached to Plaintiffs' 1/19/05 Motion to Add a Plaintiff. Tim Oliver also filed an affidavit with the court stating he did not file a Consent because he feared retaliation by Defendants. Because he was recently laid off by the Defendants, he would now like to be included as a member of the Plaintiff class.

In the meantime, on November 17, 2004, the Magistrate Judge issued a Report and Recommendation that default judgment be entered for Plaintiffs and against all Defendants for failure to answer or appear as ordered. The District Court adopted the Report and Recommendation and entered a default order against all Defendants. The matter was referred back to the Magistrate Judge for a hearing on damages, which has not occurred, but has been set for March 16, 2005.

Although Fed. R. Civ. P. 15(c) does not expressly apply to amendments adding plaintiffs, courts have found that as long as a defendant is fully on notice of a claim arising from specified conduct, the defendant's ability to proceed with the case will not be prejudiced if a new plaintiff is added. Thus, as long as the complaint gives the defendant adequate notice, an amendment relating back is appropriate even if it exposes a defendant to greater damages. *See, e.g., Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1467 (D. Colo. 1994); *Sokolski v. TransUnion Corp.*, 178 F.R.D. 393, 398 (E.D.N.Y. 1998).

In this case, the court finds that adding the proposed new parties would be a natural

outgrowth of the original complaint. Defendants already had notice of the potential claims of the new parties, and the new parties share an identity of interest with the original plaintiffs as each is a present or former employee of Defendant claiming to have worked in excess of forty hours in a workweek without one and one-half times compensation. Finally, the addition of Tim Oliver, Scott Kaiser, and Terrell Brown does not create unfair prejudice for Defendants because the lawsuit proceeded under §216(b), so Plaintiffs' action was filed on behalf of themselves and all other Plaintiffs similarly situated.

## II. Conclusion

Thus, for the reasons stated above, the court grants Plaintiffs' January 1, 2005, and January 19, 2005, Motions to Add New Plaintiffs, Tim Oliver, Scott Kaiser, and Terrell Brown. Plaintiffs are given until March 1, 2005, to amend pleadings in accordance with this Order.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 2/22/05